# IN THE COURT OF APPEALS OF IOWA

No. 22-1443
Filed November 17, 2022

**IN THE INTEREST OF A.C. and A.F.C.,**
**Minor Children,**

**T.D., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Austin Jungblut of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Paul White of Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

About four years of services were provided to a family to try to correct problems in the home. The problems included the mother allowing a sex offender unrestricted access to the children, domestic violence (including multiple incidents involving knives or firearms), child abuse, housing instability, drug use, and drug dealing. When the services did not succeed, the juvenile court terminated the parental rights of the parents of five-year-old A.F.C. and three-year-old A.C.[1] Only the mother appeals.

We conduct de novo review of decisions terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process of determining if statutory grounds for termination have been established, if termination is in the children's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). We do not address any steps a parent does not challenge. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Then we address any additional claims raised by a parent. *In re S.D.*, No. 22-1141, 2022 WL 3906757, at *1 (Iowa Ct. App. Aug. 31, 2022).

The juvenile court terminated the mother's rights to the older child pursuant to Iowa Code section 232.116(1)(f) (2022) and to the younger child pursuant to section 232.116(1)(h). The mother only challenges the statutory grounds for terminating her rights to the older child. Yet, in doing so, she points to no part of section 232.116(1)(f) that the State failed to prove. Section 232.116(1)(f) permits

---

[1] The children have the same mother. The father of A.C. is unknown. The juvenile court terminated the rights of A.F.C.'s father and all unknown fathers of A.C.

termination upon proof that (1) the child is four years of age or older; (2) the child has been adjudicated as a child in need of assistance; (3) the child has been removed from the physical custody of the child's parent for the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) the child cannot be returned to the custody of the child's parent at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

On our de novo review, we find clear and convincing evidence of all four elements for termination. As noted by the juvenile court, the mother has not engaged in services to address her history of physical abuse of the children or her history of domestic violence. *See In re J.R.*, No. 17-0556*,* 2017 WL 2684405, at *3 (Iowa Ct. App. June 21, 2017) ("The threat to children posed by domestic violence in their home may serve as the basis for terminating parental rights."); *see also In re A.R.C. III*, No. 13-0786, 2013 WL 3458222, at *5–6 (Iowa Ct. App. July 10, 2013) (considering unresolved domestic-violence issues as a basis for terminating parental rights). She was dishonest to the court and service providers regarding her relationship with an abusive sex offender. *See In re M.W.*, 876 N.W.2d 212, 223 (Iowa 2016) (finding continued dysfunctional relationships as a basis for finding a child cannot be returned to a parent's custody). She has not demonstrated the ability to maintain stable housing, and she has not shown progress in addressing her substance-abuse issues. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re D.M.*, No. 18-0086, 2018 WL 1433104, at *2 (Iowa Ct. App. Mar. 21, 2018) (collecting cases finding a child cannot be returned to a parent when the parent does not have

stable housing or employment). The juvenile court correctly found statutory grounds for terminating the mother's parental rights to the older child.[2]

Within her argument challenging the termination of her rights to the older child, the mother makes repeated reference to an additional period of rehabilitation. An additional period to work toward reunification is not relevant to whether statutory grounds for termination exist, as the relevant inquiry for termination under section 232.116(1)(f) is whether the child can be returned to the mother's custody at the time of the termination hearing, not at some future time. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting "at the present time" to mean "at the time of the termination hearing"). The mother's argument essentially concedes that the older child could not be returned home at the time of the hearing and thus concedes the statutory grounds. Nevertheless, we interpret the mother's argument as a separate argument requesting additional time to work toward reunification.

If the juvenile court does not terminate a parent's rights, it can choose any permanency option, including giving a parent an additional six months to work toward reunification. *See* Iowa Code § 232.117(5) (permitting the court to enter an order pursuant to section 232.104 if the court does not terminate parental rights); *see also id.* § 232.104(2)(b) (establishing a permanency option of continuing placement for an additional six months to give a parent the opportunity to change so that removal will no longer be necessary). However, to choose this

---

[2] The mother's petition on appeal does not address our typical steps two and three—whether termination is in the children's best interests and permissive exceptions to termination. As a result, we do not reach these issues.

option, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). On our de novo review, we cannot enumerate any such factors, conditions, or expected behavioral changes. We agree with these observations by the juvenile court:

> [The mother] has asked for additional time to work towards reunification. [The mother] has received years of services without those services yielding meaningful and lasting change. By her own admission, [the mother] delayed in participating in services until after the [court of appeals] affirmed the termination of her parental rights towards [two older children whom are not the subject of this proceeding]. [The two children involved in this proceeding] have remained in limbo throughout the life of this case. They have been removed in excess of a year, and it only now that [the mother] appears ready to make changes. It is not in these children's best interests to continue to suspend the crucial days of childhood while the parents experiment with ways to face up to their own problems.

We reject the mother's request for additional time to work toward reunification.

As to the younger child, the mother makes only a conditional challenge to the termination of her rights. She asserts that, if we reverse the termination of her rights to the older child, we should also reverse the termination of her rights to the younger child in order to keep the siblings together. The condition for the mother's arguments has not been met, as we are not reversing the termination of her rights to the older child. As a result, we also reject her conditional challenge to the termination of her rights to the younger child.

We affirm the juvenile court's ruling terminating the mother's rights to both children.

**AFFIRMED.**